UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAYNA PADULA, et al.,            No. 2:05-cv-00411-MCE-EFB

    Plaintiffs,

  v.                    MEMORANDUM AND ORDER

ROBERT MORRIS, et al.,

    Defendants.

----oo0oo----

Presently before the Court is Defendants' Motion for Summary Adjudication seeking judgment against three Plaintiffs, Christina Pistorius, Pamela Hall, and Dayna Padula (collectively "Plaintiffs"), for failure to file their federal claims within the time allowed by the applicable statute of limitations, California Code of Civil Procedure § 335.1, and failure to file their state claims in compliance with the California Government Tort Claims Act("the GTCA"), California Government Code § 810 et seq. Because Defendants have proved that Plaintiffs' claims are so barred, and because Plaintiffs' have failed to provide any countervailing evidence, Defendants' Motion is granted.

1

# BACKGROUND

**A.   Plaintiffs' Claims**

Plaintiffs' claims are derived from allegations of sexual harassment brought by various students of Dunsmuir High School ("Dunsmuir") against, *inter alia*, the Dunsmuir Joint Unified High School District, Southern Humboldt Unified School District, school administrators, and members of the school board.  The following claims are germane to the current dispute:

Christina Pistorius

a.   Federal Claims:

    Count 1 - Title IX Discrimination and Sexual Harassment Based on Gender
    Count 2 - 42 U.S.C. § 1983 - Denial of Title IX Rights
    Count 3 - 42 U.S.C. § 1983 - Equal Protection/Substantive Due Process
    Count 4 - 42 U.S.C. § 1985(3) - Conspiracy

b.   State Claims:

    Count 7 - CA Civil Code §§ 51-52 - Unruh Civil Rights Acct
    Count 8 - Intentional Infliction of Emotional Distress
    Count 9 - Sexual Battery
    Count 10- Failure to Discharge Mandatory Duty Imposed By Statute
    Count 11- Negligent Supervision and Retention of Employees

Pamela Hall

a.   Federal Claims:

    Count 3 - 42 U.S.C. § 1983 - Equal Protection/Substantive Due Process
    Count 4 - 42 U.S.C. § 1985(3) - Conspiracy

b.   State Claims:

    Count 7 - CA Civil Code §§ 51-52 - Unruh Civil Rights Acct

Dayna Padula

a. State Claims:

   Count 7 - CA Civil Code §§ 51-52 - Unruh
       Civil Rights Acct
   Count 8 - Intentional Infliction of Emotional
       Distress
   Count 9 - Sexual Battery
   Count 10- Failure to Discharge Mandatory Duty
       Imposed By Statute
   Count 11- Negligent Supervision and Retention
       of Employees

**B.   Factual Background**

Because Defendants' current Motion is based entirely on Plaintiffs' alleged failure to comply with the statute of limitations applicable to the federal claims and the presentment requirements applicable to the state claims, the only facts pertinent to this Motion, none of which are disputed, are procedural in nature.

**1.   Christina Pistorius**

Ms. Pistorius graduated from Dunsmuir in June of 2002. She acknowledges that no acts of sexual harassment occurred after that point. Ms. Pistorius filed a claim pursuant to the GTCA on July 30, 2004. That claim was rejected on September 1, 2004, and Ms. Pistorius filed the current action on March 1, 2005. Ms. Pistorius is a party to Counts 1-4 (federal claims) and Counts 7-11 (state claims).

///
///

3

Defendants move for summary adjudication as to Ms. Pistorius' federal claims under Counts 1-4 arguing that those claims are barred by the applicable statute of limitations. Defendants also move for summary adjudication as to Ms. Pistorius' state claims under Counts 7-11 arguing that those claims are barred since Ms. Pistorius failed to file her California Government Tort Claim within six months of the last alleged act of harassment as required by California Government Code § 911.2.

**2.   Pamela Hall**

Ms. Hall brings claims arising from the alleged sexual harassment of her daughter, Jessica Hall. Jessica Hall attended Dunsmuir until September 30, 2002, when she transferred to Mt. Shasta High School. It is undisputed that any acts of sexual harassment relevant to Ms. Hall's claims occurred prior to Jessica's transfer. Ms. Hall filed her Government Tort Claim on July 30, 2004. That claim was rejected on September 1, 2004, and she filed the current action on March 1, 2005. Ms. Hall is a party to Counts 3-4 (federal claims) and Count 7 (state claim).

Defendants move for summary adjudication as to Ms. Hall's federal claims under Counts 3-4 arguing that those claims are barred by the applicable statute of limitations. Defendants also move for summary adjudication as to Ms. Hall's state claim under Count 7 arguing that the claim is barred because Ms. Hall failed to file her California Government Tort Claim within six months of the last alleged act of harassment.

4

### 3. Dayna Padula

Ms. Padula attended Dunsmuir until the spring of 2004. She testified that the last alleged act of harassment occurred on or before March 23, 2004. Ms. Padula timely filed a Government Tort Claim on May 14, 2004. The claim was rejected on May 26, 2004 and she filed the current action on March 1, 2005. Ms. Padula is a party to Counts 7-11 (state claims).

Defendants move for summary adjudication as to Ms. Padula's state claims under Counts 7-11 arguing that she failed to file the current action within six months of the rejection of her Government Tort Claim.

### STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

///
///
///
///

1    Rule 56 also allows a court to grant summary adjudication on
2 part of a claim or defense.  See Fed. R. Civ. P. 56(a) ("A party
3 claiming relief may move...for summary judgment on all or part of
4 the claim."); see also Allstate Ins. Co. v. Madan, 889 F. Supp.
5 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter
6 Twp. of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

7    The standard that applies to a motion for summary
8 adjudication is the same as that which applies to a motion for
9 summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v.
10 ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing
> the district court of the basis for its motion, and
> identifying those portions of 'the pleadings,
> depositions, answers to interrogatories, and admissions
> on file together with the affidavits, if any,' which it
> believes demonstrate the absence of a genuine issue of
> material fact.

16 Celotex at 323 (quoting Rule 56(c)).

17   If the moving party meets its initial responsibility, the
18 burden then shifts to the opposing party to establish that a
19 genuine issue as to any material fact actually does exist.
20 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
21 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.
22 253, 288-89 (1968).

23   In attempting to establish the existence of this factual
24 dispute, the opposing party must tender evidence of specific
25 facts in the form of affidavits, and/or admissible discovery
26 material, in support of its contention that the dispute exists.
27 Fed. R. Civ. P. 56(e).
28 ///

6

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1872)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

///

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

This case comes before the Court on Defendants' Motion for Summary Adjudication as to the straightforward issues of whether or not certain of Plaintiffs' claims are procedurally barred. Defendants have met their burden as to each cause of action by proving that each claim brought by each Plaintiff is so barred. Nevertheless, without enlisting the aid of any facts, Plaintiffs respond by arguing that Defendants have not in fact met that burden.

It is Plaintiffs' position that, in order for Defendants to shift the burden to them, thereby requiring Plaintiffs to produce evidence to counter Defendants' current Motion, Defendants must prove that they should <u>not</u> be equitably estopped from raising the above defenses.  Likewise, Plaintiffs argue that, in order to seek summary adjudication as to Count 4, Plaintiffs' conspiracy claim, Defendants must prove that no acts in furtherance of the conspiracy occurred within two years of Plaintiffs' filing of the claim.

In keeping with that strategy, Plaintiffs have produced no evidence raising even the most remote "metaphysical doubt" as to the relevant facts.  Relying solely on the unsubstantiated allegations in their First Amended Complaint, they have presented no facts to support their equitable estoppel argument.
///

8

1 They have presented no facts showing the existence of a
2 conspiracy or that any acts in furtherance of the alleged
3 conspiracy occurred within two years of the filing of this
4 action.  Instead, Plaintiffs' have put all of their eggs into one
5 basket, relying solely on their hollow assertion that Defendants
6 never met their requisite burden, and thus, that Defendants never
7 shifted that burden to Plaintiffs.  Hence, Defendants' Motion for
8 Summary Adjudication is granted.

**A. Plaintiffs' Federal Claims (Counts 1 through 4) are Barred by the Applicable Statute of Limitations**

Code sections 20 U.S.C. § 1681 (Title IX), 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3) do not provide express statutes of limitations.  However, each of these sections borrows the state statute of limitations for personal injury, in this case California Code of Civil Procedure § 335.1.  See Stanley v. Tr. of Cal. State Univ., 433 F.3d 1129, 1136 (9th Cir. 2006) (holding that California Code of Civil Procedure § 335.1 applies to Title IX cases); Maldonado v. Harris, 370 F.3d 945, (9th Cir. 2004) (stating that California's statute of limitations for personal injury actions applies to § 1983 claims); McDougal v. County of Imperial, 942 F.2d 668 (9th Cir. 1991) (holding that § 1985(3) actions are governed by the state personal injury statute of limitations).  Hence, all of Plaintiffs' federal claims at issue in the current Motion are subject to a two-year statute of limitations.  Cal. Code of Civ. Pro. § 335.1.  Those claims accrued on the last date Plaintiffs' suffered an incident of sexual harassment relevant to their causes of action.

9

Goldrich v. Natural Y Surgical Specialties, Inc., 25 Cal. App. 4th 772, 778-789 (2d Dist. 1994) (personal injury claims accrue on the date of injury).

Ms. Pistorius' federal claims under Counts 1-4 accrued prior to June of 2002, and Ms. Hall's federal claims under Counts 3-4 accrued prior to September 30, 2002. Both Ms. Pistorius and Ms. Hall filed this action on March 1, 2005, well after the two-year statute of limitations prescribed by California Code of Civil Procedure § 335.1 had expired. Therefore, Plaintiffs' federal claims are barred by that statute of limitations.

**B.    Plaintiffs' State Law Claims (Counts 7 through 11) are Barred for Failure to Comply with the California Government Tort Claims Act**

The GTCA provides that, "[N]o suit for money or damages may be brought against a public entity...until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board..." Cal. Gov. Code § 945.4. "A claim relating to a cause of action for...injury to person...shall be presented...not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2(a). This presentment requirement is mandatory. Taylor v. Mitzel, 82 Cal. App. 3d 665, 671 (3d Dist. 1978). Additionally, "...the claim filing requirements apply with equal force to minors." Dujardin v. Ventura County Gen. Hosp., 69 Cal. App. 3d 350, 358 (2d Dist. 1977).
///
///

Thereafter, "any suit brought against a public entity on a cause of action for which a claim is required to be presented must be commenced...not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov. Code § 945.6(a)(1). Finally, subject to certain exceptions not applicable here, "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred" under, *inter alia*, California Government Code §§ 911.2 or 945.6. Cal. Gov. Code § 950.2.

Ms. Pistorius' state claims under Counts 7-11 accrued prior to her graduation from Dunsmuir in June of 2002, and she filed her Government Tort Claim on July 30, 2004. Ms. Hall's federal claim under Count 7 accrued prior to her daughter's transfer from Dunsmuir to another school on approximately September 30, 2002, and she filed her Government Tort Claim on July 30, 2004. Since, under the GTCA, presentment is mandatory and must occur within six months of the accrual of the cause of action, Ms. Pistorius' and Ms. Hall's state claims are barred.

Additionally, Ms. Padula's causes of action accrued on or before March 23, 2004. She timely filed her Government Tort Claim on May 14, 2004. That claim was rejected on May 26, 2004, and she then filed this action on March 1, 2005. Since California Government code § 945.6(a)(1) requires that suits subject to the presentment requirement be filed no later than six months after they are rejected, Ms. Padula was required to file the current action no later than November 26, 2004.

11

Because she filed her suit well after that deadline, her federal claims under Counts 7-11 are barred.

    **C.    Plaintiffs Failed to Produce Any Facts Showing that Defendants Should Be Equitably Estopped From Asserting the Statute of Limitations and Government Tort Claims Act as Bars to Plaintiffs' Claims**

Plaintiffs have not raised any facts to show that Defendants should be equitably estopped from asserting that Plaintiffs' claims are barred. Instead, Plaintiffs argue that, since they pled facts in their First Amended Complaint alleging that Defendants should be so estopped, Defendants now bear the burden of proving that they are <u>not</u> equitably estopped from asserting those defenses. Plaintiffs misconstrue the nature of their burden.

In <u>Campanelli v. Allstate Life Ins. Co.</u>, the Ninth Circuit discussed the burden on plaintiffs to show that the defendant was equitably estopped from raising a statute of limitations defense on summary judgment:

> The [plaintiffs'] case for equitable estoppel appears strong, as it is alleged in their complaint. They claim that they received fraudulently-prepared engineering reports from [the defendant] that understate the damage to their homes and that they relied on these reports to their detriment. The difficulty in their cases arises from their failure to present certain evidence to oppose [defendant]'s summary judgment motion.
>
> [Plaintiffs] cannot succeed on their claim for equitable estoppel because they did not present any evidence that showed that they had received the engineering reports mentioned in the complaint or that [the defendant] had made any representations of fact regarding the extent of the damage to their homes. Without this evidence, these [plaintiffs] cannot claim to have reasonably relied on a misrepresentation by the defendant. Therefore, defendant is not estopped from asserting the limitations period as a defense against these [plaintiffs].

12

1  322 F.3d 1086, 1094 (9th Cir. 2003).  Though that court did not
2  explicitly state as much, it is clear from the court's
3  disposition of that case that the burden of proving equitable
4  estoppel is on the party raising the issue.  Id.; see also Stitt
5  v. Williams, 919 F.2d 516, (affirming summary judgment in favor
6  of defendants because plaintiffs "failed to present the
7  persuasive evidence needed to show" that there was a triable
8  issue of fact supporting their argument that defendants should be
9  estopped from relying on a statute of limitations defense).
10      The burden is on Defendants to raise the statute of
11 limitations and GTCA defenses.  Until Plaintiffs raise a triable
12 issue of fact as to why Defendants should be equitably estopped
13 from relying on those defenses, Defendants are not required to
14 prove anything further.
15      Additionally, as is evidenced by Campanelli, Plaintiffs'
16 reliance solely on their Complaint to raise a triable issue of
17 fact is insufficient to withstand the current Motion.  322 F.3d
18 at 1094.  That court specifically found that the plaintiffs'
19 complaint contained strong allegations supporting their equitable
20 estoppel argument, but those allegations were insufficient to
21 create triable issues of fact on summary judgment.  This language
22 comports with Federal Rule of Civil Procedure 56(e), which
23 requires that the party opposing summary judgment do so via
24 actual evidence in the form of affidavits and other admissible
25 discovery material.  Fed. R. Civ. Pro. 56(e).  Plaintiffs have
26 submitted no evidence to support their equitable estoppel
27 arguments.  Therefore, all claims are barred as discussed above.
28 ///

13

**CONCLUSION**

Defendants have shown that, pursuant to California Code of Civil Procedure § 335.1, Plaintiffs' federal claims are barred by the two-year statute of limitations and, pursuant California Government Code § 810 et seq., Plaintiffs' state claims are barred by the California Government Tort Claims Act's presentment requirements. Plaintiffs have failed to provide any evidence supporting their equitable estoppel and conspiracy allegations. Hence, Defendants' Motion for Summary Adjudication is GRANTED[1].

Defendants' Motion for Summary Adjudication is GRANTED as to Ms. Pistorius' claims under Count 1 (Title IX Discrimination and Sexual Harassment Based on Gender), Count 2 (42 U.S.C. § 1983 - Denial of Title IX Rights), Count 3 (42 U.S.C. § 1983 - Equal Protection/Substantive Due Process, Count 4 (42 U.S.C. § 1985(3), Count 7 (CA Civil Code §§ 51-52 - Unruh civil Rights Acct), Count 8 (Intentional Infliction of Emotional Distress), Count 9 (Sexual Battery), Count 10 (Failure to Discharge Mandatory Duty Imposed By Statute), and Count 11 (Negligent Supervision and Retention of Employees).

Defendants' Motion for Summary Adjudication is GRANTED as to Ms. Hall's claims under Count 3 (42 U.S.C. § 1983 - Equal Protection/Substantive Due Process, Count 4 (42 U.S.C. § 1985(3), and Count 7 (CA Civil Code §§ 51-52 - Unruh civil Rights Acct).

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

14

Finally, Defendants' Motion for Summary Adjudication is GRANTED as to Ms. Padula's claims under Count 7 (CA Civil Code §§ 51-52 - Unruh Civil Rights Acct), Count 8 (Intentional Infliction of Emotional Distress), Count 9 (Sexual Battery), Count 10 (Failure to Discharge Mandatory Duty Imposed By Statute), and Count 11 (Negligent Supervision and Retention of Employees).

IT IS SO ORDERED.

Dated: May 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE