1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    DAYNA PADULA, et al.,              No. 2:05-cv-00411-MCE-EFB

12            Plaintiffs,

13       v.                              MEMORANDUM AND ORDER

14    ROBERT MORRIS, et al.,

15            Defendants.

16

17                            ----oo0oo----

18

19       Presently before the Court is Defendants' Motion for

20    Judgment on the Pleadings, Summary Judgment and Summary

21    Adjudication.[1]

22    ///

23    ///

24    ///

25    ///

26

27       [1] Because oral argument will not be of material assistance,
      the Court orders this matter submitted on the briefs.  E.D. Cal.
28    Local Rule 78-230(h).

1

2

**BACKGROUND**

3      Plaintiffs' First Amended Complaint asserts causes of action

4  for sexual harassment and sexual discrimination under both

5  federal and state law against various school administrators,

6  school board members, and the Dunsmuir Joint Union High School

7  District.  Among other things, the First Amended Complaint

8  alleges that Robert Morris, the principal of Dunsmuir High School

9  and later superintendent of the Dunsmuir Joint Union High School

10 District sexually harassed female students and that the school

11 board, when notified of the sexual harassment, failed to act.

12 Defendants now seek judgment on the pleadings or summary

13 adjudication as to some of Plaintiffs' causes of action.

14

15                          **STANDARD**

16 **1.    Summary Adjudication**

17

18     The Federal Rules of Civil Procedure provide for summary

19 judgment when "the pleadings, depositions, answers to

20 interrogatories, and admissions on file, together with

21 affidavits, if any, show that there is no genuine issue as to any

22 material fact and that the moving party is entitled to a judgment

23 as a matter of law."  Fed. R. Civ. P. 56(c).  One of the

24 principal purposes of Rule 56 is to dispose of factually

25 unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477

26 U.S. 317, 325 (1986).

27 *///*

28 *///*

1    Rule 56 also allows a court to grant summary adjudication on

2  part of a claim or defense.  *See* Fed. R. Civ. P. 56(a) ("A party

3  seeking to recover upon a claim ... may ... move ... for a

4  summary judgment in the party's favor upon all or any part

5  thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp.

6  374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter*

7  *Twp. of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

8    The standard that applies to a motion for summary

9  adjudication is the same as that which applies to a motion for

10  summary judgment.  *See* Fed. R. Civ. P. 56(a), 56(c); *Mora v.*

11  *ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

12       Under summary judgment practice, the moving party
         always bears the initial responsibility of informing
13       the district court of the basis for its motion, and
         identifying those portions of 'the pleadings,
14       depositions, answers to interrogatories, and admissions
         on file together with the affidavits, if any,' which it
15       believes demonstrate the absence of a genuine issue of
         material fact.

16

17  *Celotex Corp. v. Catrett*, 477 U.S. at 323 (quoting Rule 56(c)).

18    If the moving party meets its initial responsibility, the

19  burden then shifts to the opposing party to establish that a

20  genuine issue as to any material fact actually does exist.

21  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

22  585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S.

23  253, 288-89 (1968).

24    In attempting to establish the existence of this factual

25  dispute, the opposing party must tender evidence of specific

26  facts in the form of affidavits, and/or admissible discovery

27  material, in support of its contention that the dispute exists.

28  Fed. R. Civ. P. 56(e).

1 The opposing party must demonstrate that the fact in contention

2 is material, i.e., a fact that might affect the outcome of the

3 suit under the governing law, and that the dispute is genuine,

4 i.e., the evidence is such that a reasonable jury could return a

5 verdict for the nonmoving party. *Anderson v. Liberty Lobby,*

6 *Inc.*, 477 U.S. 242, 248, 251-52 (1986); *Owens v. Local No. 169,*

7 *Assoc. of W. Pulp and Paper Workers*, 971 F.2d 347, 355 (9th Cir.

8 1987).  Stated another way, "before the evidence is left to the

9 jury, there is a preliminary question for the judge, not whether

10 there is literally no evidence, but whether there is any upon

11 which a jury could properly proceed to find a verdict for the

12 party producing it, upon whom the onus of proof is imposed."

13 *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*,

14 14 Wall. 442, 448, 20 L.Ed. 867 (1872)).  As the Supreme Court

15 explained, "[w]hen the moving party has carried its burden under

16 Rule 56(c), its opponent must do more than simply show that there

17 is some metaphysical doubt as to the material facts .... Where

18 the record taken as a whole could not lead a rational trier of

19 fact to find for the nonmoving party, there is no 'genuine issue

20 for trial.'" *Matsushita*, 475 U.S. at 586-87.

21      In resolving a summary judgment motion, the evidence of the

22 opposing party is to be believed, and all reasonable inferences

23 that may be drawn from the facts placed before the court must be

24 drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255.

25 Nevertheless, inferences are not drawn out of the air, and it is

26 the opposing party's obligation to produce a factual predicate

27 from which the inference may be drawn.

28 ///

4

1 *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45

2 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

3

4     **2.**    **Judgment on the Pleadings**

5

6     A Rule 12(c) motion for judgment on the pleadings challenges

7 the legal sufficiency of the opposing party's pleadings. *E.g.*

8 *Westlands Water Dist. v. Bureau of Reclamation*, 805 F. Supp.

9 1503, 1506 (E.D. Cal. 1992).  Any party may move for judgment on

10 the pleadings after the pleadings are closed but within such time

11 as to not delay trial.  Fed. R. Civ. P. 12(c).

12     The standard for evaluating a motion for judgment on the

13 pleadings is essentially the same as the standard applied to a

14 Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine, Inc.*,

15 867 F.2d 1188, 1192 (9th Cir. 1989).  A motion for judgment on

16 the pleadings should be granted only if, accepting as true all

17 material allegations contained in the nonmoving party's

18 pleadings, the moving party "'clearly establishes that no

19 material issue of fact remains to be resolved and that he [or

20 she] is entitled to judgment as a matter of law.'" *Doleman v.*

21 *Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)

22 (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice*

23 *and Procedure* § 1368 (1969)); *Hal Roach Studios, Inc. v. Richard*

24 *Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

25 Judgment on the pleadings is also proper when there is either a

26 "lack of cognizable legal theory" or the "absence of sufficient

27 facts alleged under a cognizable legal theory." *Balistreri v.*

28 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

1  Courts have discretion to grant leave to amend in
2  conjunction with motions made pursuant to Rule 12(c).  *Moran v.*
3  *Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)
4  (citing *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th
5  Cir. 1979)).  Generally, leave to amend a complaint is denied
6  only if it is clear that the deficiencies of the complaint cannot
7  be cured by amendment and that amendment would therefore be
8  futile.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658
9  (9th Cir. 1992).

10

11                          **ANALYSIS**

12    **1.    Jessica Hall**

13

14    Because Jessica Hall was dismissed from the action with
15  prejudice pursuant to this Court's August 4, 2008 Order, the
16  Motion for Summary Judgment as to Jessica Hall's First, Second,
17  Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh
18  Causes of Action is moot.

19

20    **2.    Pamela Hall**

21

22    Because Pamela Hall was dismissed from the action with
23  prejudice pursuant to this Court's June 27, 2008 Order, the
24  Motion for Summary Judgment as to Pamela Hall's Third and Fourth
25  Causes of Action is moot.

26  ///
27  ///
28  ///

1    **3.    Dayna Padula's First Cause of Action**

2

3    Defendants seek summary adjudication of Plaintiff Dayna

4 Padula's First Cause of Action for violation of Title IX, 20

5 U.S.C. § 1681.  In her deposition, Dayna Padula testified that

6 Robert Morris, the high school principal, gave her a hug after a

7 Christmas concert, rubbed her shoulders and asked her what was

8 the matter in the school hallway, and, during a disciplinary

9 meeting, told Dayna, "I don't know whether to hug you or spank

10 you" and then hugged her and swatted her on the buttocks as she

11 walked out the door.  Defendants argue this behavior was not

12 offensive as required to prevail on a Title IX claim.  Defendant

13 cites Brooks v. City of San Mateo, 229 F.3d 917 (9th Cir. 2000),

14 for the proposition that where there are fewer incidents of

15 sexual harassment, they must be of greater severity.  Defendants

16 also cite Reese v. Jefferson School Dist. #14 J, 208 F.3d 736

17 (9th Cir. 2000), for the proposition that harassment must be

18 severe, pervasive, and objectively offensive so as to deprive the

19 victim of an educational opportunity.  This Court declines to

20 follow Defendants' arguments.  Brooks dealt with a workplace

21 sexual harassment claim under Title VII.  While Title VII claims

22 are instructive in dealing with sexual harassment claims in the

23 school setting, what may not be offensive enough to be actionable

24 between adults could be actionable between an adult and a child.

25 Further, Reese deals with sexual harassment between one student

26 and another.  Reese acknowledges that what may not be offensive

27 between children could be offensive between an adult and a child.

28 208 F.3d at 739.

7

1 This Court cannot say that the hugging, shoulder-rubbing, threats

2 to spank, and actual swatting on the buttocks done by an adult

3 principal to a female high school student is not objectively

4 offensive.  Defendants have failed to meet their burden on this

5 issue and summary adjudication in favor of Defendants is denied.

6

7 **4.    Second and Third Causes of Action**

8

9 Defendants seek judgment or judgment on the pleadings as to

10 the Second Cause of Action for denial of Title IX rights under

11 42 U.S.C. § 1983 and the Third Cause of Action for denial of

12 equal protection and substantive due process under 42 U.S.C.

13 § 1983.  Defendants argue that these claims are essentially the

14 same as the First Cause of Action for sexual harassment and

15 discrimination under 20 U.S.C. § 1681 and are preempted by the

16 Title IX claims.

17 Although the preemption issue has not been decided by the

18 Ninth Circuit, there is a split among the other circuits

19 regarding Title IX's preemptive effect on Title VII claims.  See

20 Mansourian v. Board of Regents of Univ. of California at Davis,

21 2007 WL 3046034 (E.D. Cal. 2007) at *14-17 (explaining circuit

22 split).  As discussed in Mansourian, the complex administrative

23 and judicial enforcement scheme in Title IX reflects Congress'

24 intent to subsume § 1983 claims within Title IX.  Id.  For the

25 reasoning set forth in Mansourian, this Court finds that the

26 Second and Third Causes of Action are preempted by Title IX.

27 Accordingly, judgment on the pleadings is granted in favor of

28 Defendants as to these two claims.

1    **5.     Pamela Padula's and Timothy Padula's Third Cause of
           Action**

2

3    Defendants seek judgment on the pleadings as to Dayna

4    Padula's, Pamela Padula's, and Timothy Padula's Third Cause of

5    Action for denial of equal protection and substantive due process

6    under 42 U.S.C. § 1983.  Plaintiffs' opposition is silent on this

7    issue.  Accordingly, summary adjudication is granted in favor of

8    Defendants as to Plaintiffs Pamela and Timothy Padula's Third

9    Cause of Action.

10

11   **6.     Fourth Cause of Action**

12

13   Defendants seek summary judgment on Dayna Padula's, Pamela

14   Padula's, and Timothy Padula's Fourth Cause of Action[2] for

15   conspiracy under 42 U.S.C. §§ 1985(3) and 1986.  Defendants argue

16   that these Plaintiffs have not substantiated the elements of this

17   cause of action.  Section 1985(3) provides, in pertinent part

18        If two or more persons ... conspire ... for the
          purpose of depriving, either directly or
19        indirectly, any person or class of persons of the
          equal protection of the laws, or of equal
20        privileges and immunities under the laws ... the
          party so ... deprived may have an action for the
21        recovery of damages occasioned by such ...
          deprivation, against any one or more of the
22        conspirators.

23   ///

24   ///

25   ///

26   ───────────────

27        [2] Defendants also seek summary adjudication of Christina
     Pistorius' Fourth Cause of Action.  Summary adjudication was
     rendered on this claim as to Ms. Pistorius in this Court's May 1,
28   2008 Order.

9

1  The elements of a conspiracy under § 1985(3) include "(1) a
2  conspiracy; (2) for the purpose of depriving, either directly or
3  indirectly, any person or class of persons of the equal
4  protection of the laws, or of equal privileges and immunities
5  under the laws; and (3) an act in furtherance of this conspiracy;
6  (4) whereby a person is either injured in his person or property
7  or deprived of any right or privilege of a citizen of the United
8  States."  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th
9  Cir. 1992)(quoting United Brotherhood of Carpenters and Joiners
10 of America v. Scott, 463 U.S. 825, 828-29(1983)).  To prove a
11 violation of § 1985(3), a plaintiff must show "'some ...
12 class-based, invidiously discriminatory animus behind the
13 conspirators' action. The conspiracy, in other words, must aim at
14 a deprivation of the equal enjoyment of rights secured by the law
15 to all.'" Orin v. Barclay 272 F.3d 1207, 1217 (9th Cir. 2001)
16 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).  The
17 only evidence Plaintiffs can put forward on this issue is Timothy
18 Padula's belief that certain defendants had entered into a
19 conspiracy to cover up problems at the high school.  Further, it
20 is unlikely that Plaintiffs can show they belong to a protected
21 class.  Plaintiffs argue that they have the right to be free of
22 discrimination based on gender, but the inclusion of Mr. Timothy
23 Padula tends to defeat that argument.  In light of the lack of
24 evidence as to the elements of a conspiracy, Defendants' motion
25 for summary adjudication as to Plaintiffs' Fourth Cause of Action
26 for conspiracy is granted in favor of Defendants.
27 ///
28 ///

10

1        **7.      Seventh Cause of Action**

2

3       Defendants seek judgment on the pleadings as to Pamela

4  Padula's and Timothy Padula's Seventh Cause of Action under

5  California's Unruh Act because neither Pamela nor Timothy claim

6  to be a direct victim of the alleged conduct.  The Seventh Cause

7  of Action alleges that Plaintiffs Pamela and Timothy Padula were

8  denied equal protection of the law because their children were

9  denied an education free from unlawful discrimination and

10 harassment based on gender.  Defendants assert that summary

11 judgment is appropriate because California law requires that a

12 Plaintiff under the Unruh Act have actually been a victim of

13 discrimination.  Plaintiffs' opposition is silent on this issue.

14 Accordingly, summary adjudication is granted in favor of

15 Defendants as to Plaintiffs Pamela and Timothy Padula's Seventh

16 Cause of Action.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

**CONCLUSION**

2

3       Defendants' Motion for Summary Judgment and/or Summary

4   Adjudication is DENIED as to Dayna Padula's First Cause of

5   Action, and GRANTED as to the Second, Third, and Fourth Causes of

6   Action.   Defendants' Motion is also GRANTED as to Plaintiffs

7   Pamela and Timothy Padula's Third, Fourth and Seventh Causes of

8   Action.

9       IT IS SO ORDERED.

10
     Dated: September 23, 2008

11

12

13                              MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28