UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAYNA PADULA, et al.,            No. 2:05-cv-00411-MCE-EFB

    Plaintiffs,

 v.                        <u>MEMORANDUM AND ORDER</u>

ROBERT MORRIS, et al.,

    Defendants.

----oo0oo----

On September 24, 2008, Plaintiff, Dayna Padula, filed the present Motion for Reconsideration of the Court's May 2, 2008, Order granting Summary Judgment in favor of Defendants on each of Plaintiff's state law causes of action (numbers 7-11).[1]  For the following reasons, her Motion is denied.

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

1

<u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988).  This principle is generally embodied in the law of the case doctrine.  That doctrine counsels against reopening questions once resolved in ongoing litigation.  <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989).  Nonetheless, under certain limited circumstances, the court has discretion to reconsider its prior decisions.

A motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of entry of judgment, but as a Rule 60(b) motion if filed more than ten days after judgment.  <u>See</u> <u>Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.</u>, 248 F.3d 892, 898-99 (9th Cir. 2001).  Since this motion is seeking reconsideration of a final judgement and was filed more than ten days after the entry of judgement, the Court will treat it as a Rule 60(b) motion.  Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court.  <u>Casey v. Albertson's Inc.</u>, 362 F.3d 1254, 1257 (9th Cir. 2004).

Rule 60(b) enumerates the grounds upon which a motion for relief from an order or judgment may be made. It specifies that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. Proc. 60(b).  Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 60(b).

Plaintiff asks this Court to reconsider its Order granting Defendants' Motion for Summary Judgment as to her state law claims because her attorney allegedly failed to provide the Court with evidence that would have defeated Defendants' motion.  In that motion, Defendants provided the Court with the following evidence, undisputed until now.  Plaintiff's Government Tort Claims Act ("GTCA") claims, filed pursuant to California Government Code § 810 et seq., accrued on or before March 23, 2004.  Plaintiff filed a Government Tort Claim on May 14, 2004, which was rejected on May 26, 2004, and Plaintiff did not file the current action until March 1, 2005.  California Government Code § 945.6(a)(1) requires actions subject to the presentment requirement, such as Plaintiff's, to be filed within six months after the Government's rejection of the submitted claim.  Accordingly, Defendants alleged, and this Court found, that Plaintiff's initiation of her litigation was untimely.

Through her current Motion, Plaintiff has now provided the Court with copies, previously unmentioned, of an additional GTCA claim and rejection, the latter of which is dated September 1, 2004.  Plaintiff states that her "opposition to the prior motion did not note there were multiple claims filed with the school district, the last of which was denied on September 1, 2004...This material was provided to [her] attorney and [she does] not know why he failed to present it to the court."  Motion, 1:19-23.

3

1  Thus, Plaintiff acknowledges that, at the time of Defendants'
2  motion, both she and her attorney were privy to that information
3  and chose not to enlighten the Court.
4      It follows that Plaintiff's only conceivable argument for
5  reconsideration must fall under Rule 60(b)(1), which provides for
6  relief from a judgment rendered due to mistake, inadvertence,
7  surprise or excusable neglect.  However, Plaintiff is clear in
8  her current Motion that the information provided therein was at
9  all relevant times in both her possession and that of her
10 attorney.  In opposing Defendants' original motion, rather than
11 provide that information to the Court, Plaintiff opted to instead
12 take the risky position that Defendants had failed to meet their
13 requisite burden, negating the need for her to dispute
14 Defendants' claims.  Plaintiff made a strategic error for which
15 Rule 60(b) provides no relief.  Consequently, Plaintiff's Motion
16 for Reconsideration is DENIED.
17     IT IS SO ORDERED.
18  Dated: November 14, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4