UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAYNA PADULA, ET AL., | No. 2:05-cv-00411-MCE-EFB |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| ROBERT MORRIS, ET AL., | |
| Defendants. | |

Plaintiffs initiated this litigation on March 3, 2005. Today, one Plaintiff remains, Ms. Dayna Padula, and on March 2, 2009, trial on the single remaining cause of action, a claim based on 20 U.S.C. § 1681 ("Title IX"), is scheduled to commence.

On September 23, 2008, this Court granted Defendants' Motion for Judgment on the Pleadings as to Ms. Padula's second and third causes of action, both of which arose under 42 U.S.C. § 1983, on the grounds that those claims were preempted by Title IX. In its Order, the Court acknowledged that there is a split among the circuits on the issue of whether § 1983 is so preempted.

///

1  Since rendering its decision, the United States Supreme Court
2  granted certiorari in <u>Fitzgerald v. Barnstable School Committee</u>,
3  504 F.3d 165 (1st Cir. 2007), certiorari granted, 128 S. Ct. 2903
4  (2008), a case in which this preemption issue has been raised.
5  Thus, Ms. Padula now moves for an order amending the Pretrial
6  Scheduling Order ("PTSO") to stay all proceedings until the
7  Supreme Court hands down its decision in <u>Fitzgerald</u>.

8      Generally, the Court is required to enter a pretrial
9  scheduling order within 120 days of the filing of the complaint.
10 Fed. R. Civ. P. 16(b).  The scheduling order "controls the
11 subsequent course of the action" unless modified by the Court.
12 Fed. R. Civ. P. 16(d).  Orders entered before the final pretrial
13 conference may be modified upon a showing of "good cause," Fed.
14 R. Civ. P. 16(b), but orders "following a final pretrial
15 conference shall be modified only to prevent manifest injustice."
16 Fed. R. Civ. P. 16(e); see also <u>Johnson v. Mammoth Recreations</u>,
17 975 F.2d 604, 608 (9th Cir. 1992).

18     Rule 16(b)'s "good cause" standard primarily considers the
19 diligence of the party seeking the amendment. <u>Johnson</u> at 609.
20 "The district court may modify the pretrial schedule 'if it
21 cannot reasonably be met despite the diligence of the party
22 seeking the extension.'" <u>Id</u>., quoting Fed. R. Civ. P. 16
23 advisory committee's notes (1983 amendment).  "Moreover,
24 carelessness is not compatible with a finding of diligence and
25 offers no reason for a grant of relief." <u>Id</u>.  "Although the
26 existence or degree of prejudice to the party opposing the
27 modification might supply additional reasons to deny a motion,
28 the focus of the inquiry is upon the moving party's reasons for

seeking modification.  If that party was not diligent, the inquiry should end." Id.

This Court finds good cause to grant Ms. Padula's Motion to Amend the PTSO.  The imminent decision of the United States Supreme Court bears directly on the viability of two of Ms. Padula's original claims.  Moreover, Ms. Padula has demonstrated the necessary diligence in pursuing this amendment in light of her recent retention of new counsel and the fact that oral arguments were only recently heard by the Supreme Court.

Accordingly, Ms. Padula's Motion to Amend the PTSO to suspend all further activity in this case until the Supreme Court rules in Fitzgerald is granted.  Within ten (10) days of the Supreme Court issuing its decision in that case, Plaintiff is Ordered to file a motion with the Court either requesting reconsideration of the Court's Order granting Defendants' Motion for Judgment on the Pleadings as to her § 1983 causes of action or notifying the Court that no such request will be made.  This case is stayed until such time, and the March 2, 2009, trial date is hereby vacated.

IT IS SO ORDERED.

Dated: January 12, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE