```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     EASTERN DISTRICT OF CALIFORNIA
10
11  DAYNA PADULA, et al.,              No. 2:05-cv-00411-MCE-EFB
12           Plaintiffs,
13        v.                           MEMORANDUM AND ORDER
14  ROBERT MORRIS, et al.,
15           Defendants.
16
17                             ----oo0oo----
18       Presently before the Court is Dayna Padula's Motion for
19  Reconsideration of the Court's September 23, 2008, Order granting
20  Defendants' Motion for Judgment on the Pleadings as to
21  Plaintiff's Second and Third Causes of Action.  In that prior
22  Order, faced with a circuit split in which the Ninth Circuit had
23  not yet weighed in, the Court determined Plaintiff's second and
24  third claims, brought pursuant to 42 U.S.C. § 1983, were
25  preempted by Title IX, 20 U.S.C. § 1681.
26  ///
27  ///
28  ///
                                    1
```

Since then, in Fitzgerald v. Barnstable School Committee, --- U.S. ----, 129 S. Ct. 788 (2009), the Supreme Court resolved that split, reaching the opposite conclusion. In light of that intervening decision, Plaintiff's instant Motion is granted.[1]

**BACKGROUND**

Plaintiff was a student at Dunsmuir High School from September 2002 through June 2004. She alleges that, during her time at Dunsmuir, she was subjected to gender-based harassment and discrimination. According to Plaintiff, Defendant Robert Morris, the principal of Dunsmuir High, Defendant Ray Kellar, the vice-principal and a teacher at the school, and other unnamed school employees committed the harassing acts.

Plaintiff filed her First Amended Complaint ("FAC") on June 28, 2005, alleging causes of action under, *inter alia*, 42 U.S.C. § 1983. Plaintiff specifically brought her § 1983 claims against all Defendants other than the Dunsmuir Unified High School District ("District"). The Court subsequently granted Defendants' Motion for Judgment on the Pleadings as to those causes of action, concluding they were preempted by Title IX.

On December 18, 2009, Plaintiff's newly retained counsel filed a Pretrial Statement on her behalf, requesting that the Pretrial Scheduling Order be amended and the case stayed pending the Supreme Court decision in Fitzgerald.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

2

Accordingly, the Court suspended all activity in this case and, upon issuance of the awaited decision, Plaintiff timely filed the instant Motion for Reconsideration.

**STANDARD**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Nonetheless, under certain limited circumstances, the court has discretion to reconsider its prior decisions.

A motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of entry of judgment, but as a Rule 60(b) motion if filed more than ten days after judgment. See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Since this motion is seeking reconsideration of a final judgement and was filed more than ten days after the entry of judgement, the Court will treat it as a Rule 60(b) motion. Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court. Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).

///

Rule 60(b) enumerates the grounds upon which a motion for relief from an order or judgment may be made. It specifies that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 60(b).

**ANALYSIS**

Plaintiff seeks reconsideration of the dismissal of her § 1983 claims. In light of the Supreme Court's Fitzgerald opinion, Defendants do not oppose reconsideration of this Court's prior decision. See Fitzgerald, 129 S. Ct. at 797 (holding "that § 1983 suits based on the Equal Protection Clause remain available to plaintiffs alleging unconstitutional gender discrimination in schools" and concluding that "Title IX was not meant to be an exclusive mechanism for addressing gender discrimination in schools, or a substitute for § 1983 suits as a means of enforcing constitutional rights").

///

///

Accordingly, Plaintiff's Motion for Reconsideration is granted, and Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Second and Third Causes of Action, those arising under 42 U.S.C. § 1983, is retroactively denied.

Nevertheless, the parties do seek to clarify a number of procedural or technical issues. As a threshold matter, Defendants seek clarification as to which parties are bringing and defending these reinstated claims, and they request additional time to file dispositive motions. Plaintiff, on the other hand, asks the Court to reopen discovery so she can take further depositions regarding her § 1983 claims. The Court will address each argument in turn.

First, Defendants express confusion as to which Plaintiffs are included in this Motion. However, in her Reply brief, Plaintiff makes clear that she is the only Plaintiff bringing the current Motion. Thus, she is still the only Plaintiff prosecuting this action.

Defendants next question which Defendants remain a party to Plaintiff's § 1983 claims. Plaintiff's FAC clearly stated that her Second and Third Causes of Action were alleged against all Defendants other than the School District. The Court's current denial of Defendants' original Motion for Judgment on the Pleadings reinstates the claims as articulated in the FAC. Accordingly, the Court rejects both parties' arguments to the contrary, and holds that Plaintiff currently maintains § 1983 claims against all Defendants, with the exception of the District.

///

The Court is similarly unpersuaded by Defendants' claim that, for a variety of reasons, and though the time for such filing had come and gone prior to the Court issuing its September Order, they should be permitted to file additional dispositive motions to facilitate dismissal of various Defendants. Defendants would not have been able to further attack the pleadings when the original Order was issued, nor will the Court allow Defendants the opportunity to do so now. Accordingly, no further dispositive motions will be allowed, and no Defendants will be dismissed or added at this time.

Finally, the Court also denies Plaintiff's invitation to reopen discovery as to her § 1983 claims. The applicable discovery cutoff was December 21, 2007, several months prior to the filing of the underlying Motion for Judgment on the Pleadings. Thus, similarly to Defendants' above request, the time to have conducted the necessary discovery had already passed before Defendants filed their original Motion. Plaintiff nevertheless argues that, because her former attorney was in the process of attempting to withdraw when he opposed the underlying Motion and took the relevant depositions, he was not properly focused on prosecuting this action. Regardless, the fact remains that Plaintiff was represented by counsel throughout both discovery and the defense of the Motion for Judgment on the Pleadings. Therefore, there is no good which warrants the reopening of discovery as to these claims.

///
///
///

**CONCLUSION**

Accordingly, Plaintiff's Motion for Reconsideration is GRANTED, and Defendants' Original Motion for Judgment on the Pleadings as to Plaintiff's Second and Third Causes of Action is now DENIED. Defendants' request for additional time in which to file dispositive motions and Plaintiff's request to reopen discovery are both DENIED. Not later than twenty (20) calendar days after this Order is filed electronically, the parties shall file a Joint Status Report with the Court.

IT IS SO ORDERED.

Dated: March 17, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE