UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAYNA PADULA, ET AL.,                     No. 2:05-cv-00411-MCE-EFB

    Plaintiffs,

  v.                                      <u>MEMORANDUM AND ORDER</u>

ROBERT MORRIS, ET AL.,

    Defendants.

----oo0oo----

Presently before the Court is Plaintiff Dayna Padula's Motion for Waiver for Hearing and Transcript Fees and Motion to Proceed In Forma Pauperis.  ECF No. 265.  Attached to the Motion are the United States Court of Appeal's Affidavit for Permission to Appeal In Forma Pauperis ("Affidavit") and Padula's Declaration in Opposition to Bill of Costs ("Declaration").

///
///
///
///
///

1

**BACKGROUND AND CLAIMS**

After a five-day trial in July of 2011, a jury unanimously rejected Padula's claims that she and other students were subjected to sexual harassment by the Principal and other employees at Dunsmuir High School in Dunsmuir, California. Thereafter, the Court entered judgment for Defendants. Throughout the proceedings, Padula was represented by counsel. Padula, who is twenty-two years old, now seeks: (1) to proceed in forma pauperis for her appeal, and (2) a waiver of the fees for the trial and hearing transcripts.

Padula asserts she can no longer afford counsel or the costs for the transcripts. Her Affidavit states that she receives an average monthly income of $644.00 (although she indicates she has only held two jobs: one from August 2011 to September 2011 and another from October 2011 to the present) and that she has $70 in a checking account. Padula also states her total monthly expenses are $1587.16. She does not indicate that she is receiving any supplemental income, gifts, or other forms of financial assistance that might explain the discrepancy between her income and expenses.

In Addendum 1A to her Affidavit, Padula sets forth the substantive basis for her motions, listing 15 separate issues she apparently intends to raise on appeal. Condensing her arguments, Padula essentially alleges that:

///
///
///

(1) the jury "may have" failed to consider certain unspecified evidence; (2) some of Defendants' witnesses provided mistaken or untrue testimony; (3) there is a "possibility" of procedural irregularity based on unspecified surprise testimony; (4) there was prejudicial testimony; (5) there were time restraints that prevented her from presenting evidence and testimony; (6) there may be procedural irregularity because defense counsel "seemed to taint" one of Padula's witnesses and accused Padula of having no credibility and of being a perjurer; (7) the jury panel was filled with an unspecified but "inordinate amount of" current and retired California school employees; and (8) "the trial did not enable disclosure of the Humboldt-Patty Cotter aspect of the case, a most important element that likely had a negative impact with omission." Padula asserts that these issues influenced the jury and ultimately biased them against her.

**ANALYSIS**

**A.   In Forma Pauperis**

"[P]ermission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of in forma pauperis status does not violate the applicant's right to due process." Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) (citation omitted). Pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. Good faith is an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

A plaintiff satisfies the good faith requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). Under § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

    The Court denies Padula's Motion to Proceed In Forma Pauperis. First, regarding Padula's Affidavit, the Court cannot account for the discrepancy between Padula's claimed income and expenses in her Affidavit. The Court notes that because of this discrepancy, Padula's age, and her limited work history, there is a possibility that Padula's parents have, and perhaps are, providing her with financial assistance. If that is the case, any amounts paid to Padula should have been disclosed in the Affidavit and her parents' income may well be relevant to the Court's determination of whether Padula is entitled to in forma pauperis status. See, e.g., Monti v. McKeon, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed in forma pauperis, . . . courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant."); Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'")

1    Although the Court could seek additional information from
2 Padula regarding her income and expenses, it is unnecessary to do
3 so because the Court concludes that her appeal is not taken in
4 good faith.  The Court finds it unnecessary to address each of
5 the issues that Padula raises in Addendum 1A to her Affidavit
6 because, in the aggregate and individually, her arguments are
7 frivolous, lack merit, and could not be supported on appeal.
8    In particular, Padula's allegations that some of the
9 evidence, testimony, argument and procedural restrictions may
10 have affected the jury lack specificity and do not allege any
11 procedural or substantive error.  She does not indicate that her
12 counsel objected to the jury composition, procedural
13 restrictions, or the introduction of the evidence or testimony
14 with which she now takes issue.  She also does not allege that
15 her counsel was prevented from conducting redirect where there
16 was unfavorable testimony or presenting an alternate argument to
17 that given by defense counsel.  How the jury reacted is
18 immaterial if they were entitled to consider the unfavorable
19 evidence, testimony and argument.  Stated another way, the Court
20 is not persuaded that, under the objective standard, there is any
21 arguable basis in law or fact to support the issues that Padula
22 raises in her Addendum on appeal.  <u>Neitzke</u>, 490 U.S. at 325, 327;
23 <u>Franklin</u>, 745 F.2d at 1225.  With the benefit of hindsight,
24 Padula may wish that she had a different jury, different rules
25 and that certain evidence, testimony and argument had been
26 excluded or limited, but she has not presented any basis.
27 ///
28 ///

5

The Court hereby certifies that any appeal taken from this order is not in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: November 16, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE