UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAYNA PADULA, ET AL.,                    No. 2:05-cv-00411-MCE-EFB

        Plaintiffs,

   v.                                   <u>MEMORANDUM AND ORDER</u>

ROBERT MORRIS, ET AL.,

        Defendants.

----ooOoo----

On March 1, 2005, Plaintiff Dayna Padula ("Plaintiff"), the sole remaining plaintiff in this case, initiated this sexual harassment action against remaining Defendants Dunsmuir Joint Union High School District, Robert Morris, Ray Kellar, Paula Amen-Schmitt, Steven Rogers, Christopher Raine and William Townsend (collectively "Defendants").  A jury returned a unanimous verdict in favor of Defendants on August 2, 2011. Presently before the Court is Defendants' post-trial request for costs.  As set forth below, costs in the amount of $23,511.41 are now taxed pursuant to that request.

///

1

1

## BACKGROUND

2

3      After a five-day trial in July of 2011, a jury unanimously
4  rejected Plaintiff's claims that she and other students were
5  subjected to sexual harassment by the principal and other
6  employees at Dunsmuir High School in Dunsmuir, California.  The
7  jury deliberated for only ninety minutes before returning its
8  verdict in favor of Defendants.  Pursuant to that jury verdict,
9  the Court entered its judgment on August 4.
10      Six days later, on August 10, Defendants, as the prevailing
11  parties, timely filed a Bill of Costs ("Original BOC") (ECF
12  No. 255) pursuant to 28 U.S.C. § 1920 in the amount of
13  $36,462.51.  Plaintiff filed Objections (ECF No. 256) to the
14  Original BOC on August 16, and Defendants then timely filed a
15  Response and Amended Bill of Costs ("Amended BOC") (ECF No. 257)
16  modifying their requested recovery to $26,136.81.  Plaintiff
17  filed no further objections.  For the following reasons, the
18  Court now taxes the vast majority of the costs requested in the
19  Amended BOC.

20

21

## ANALYSIS

22

23      Under Federal Rule of Civil Procedure 54(d), the prevailing
24  party in a lawsuit may recover its costs "unless a federal
25  statute, [the Federal Rules of Civil Procedure], or a court order
26  provides otherwise."  As this language suggests, the ultimate
27  decision on whether to award costs is a matter within the court's
28  discretion.

1  <u>Association of Mexican-American Educators v. State of California</u>,

2  231 F.3d 572, 591 (9th Cir. 2000).  "Rule 54(d) creates a

3  presumption for awarding costs to prevailing parties; the losing

4  party must show why costs should not be awarded."  <u>Save Our</u>

5  <u>Valley v. Sound Transit</u>, 335 F.3d 932, 944-45 (9th Cir. 2003).

6  "[A] district court need not give affirmative reasons for

7  awarding costs; instead, it need only find that the reasons for

8  denying costs are not sufficiently persuasive to overcome the

9  presumption in favor of an award."  <u>Id.</u> at 945.  If the Court

10 declines to award costs as requested by the prevailing party,

11 however, it should specify its reasons for doing so.  <u>Berkla v.</u>

12 <u>Corel Corp.</u>, 302 F.3d 909, 921 (9th Cir. 2002).

13      In her objections to the Original BOC, Plaintiff argues

14 generally that the Court should refuse to tax all costs because:

15 1) Plaintiff is indigent; 2) Defendants acted in bad faith when

16 submitting their original cost request; and 3) a cost award here

17 would chill important future civil rights litigation.  Plaintiff

18 specifically attacks each category of Defendants' requested costs

19 as well.  Though Plaintiff did not file any response to

20 Defendants' Amended BOC, to the extent her challenges to the

21 Original BOC carry over to Defendants' operative request, the

22 Court will consider them here.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**A.   Plaintiff's General Objections to the Taxing of Any Costs.**

Plaintiff generally asks this Court to exercise its discretion to deny all costs because: 1) Defendants engaged in bad-faith litigation practices by filing a "patently frivolous cost bill"; 2) Plaintiff is indigent; and 3) an award of costs would serve to chill future civil rights litigation. <u>See generally</u> <u>Van Horn v. Dhillon</u>, 2011 WL 66244, *3 (E.D. Cal.) (identifying various grounds on which courts have refused to tax costs). Each of Plaintiff's arguments is rejected.

First, Plaintiff claims Defendants' Original BOC included legally frivolous and factually unsupported claims. Defendants' Amended BOC nonetheless rectifies any such errors or oversights, and the Court will not presume the Original BOC was drafted and submitted with any mal-intent. Moreover, the erroneous inclusion of line items in a post-trial bill of costs simply does not rise to the level of bad faith that has justified a denial of costs in other cases. <u>See</u>, <u>e.g.</u>, <u>Overbeek v. Heimbecker</u>, 101 F.3d 1225, 1228 (7th Cir. 1996) (refusal to award costs justified when the prevailing party's counsel, among other things, "inexplicably refused over a dozen offers of the policy limit, needlessly pursued a trial, appealed the jury's decision not to award punitive damages even though the defendants were judgment-proof, vanished for large periods of time" and made frivolous legal claims.). Plaintiff's argument thus fails.

///

///

///

4

1    As for Plaintiff's invitation to this Court to deny costs

2  based on her indigent status, the Court declines to do so for

3  those reasons already articulated in the Court's Order Denying

4  Plaintiff's Request to Proceed In Forma Pauperis (ECF No. 266).

5  Indeed, especially given the fact that Plaintiff's only evidence

6  of her financial status in support of her Objections to

7  Defendants' Original BOC is an unsigned, pro forma declaration,

8  Plaintiff has simply not carried her burden of convincing this

9  Court that departure from the general rule entitling a prevailing

10 party to recover its costs is warranted.

11    Finally, Plaintiff's conclusory assertion that a cost award

12 in this case will chill future litigation is not persuasive and

13 fails to convince the Court costs should not be taxed here.  In

14 Stanley v. University of Southern California, the Ninth Circuit

15 held that it was an abuse of discretion for the district court to

16 fail to re-tax costs awarded to defendants and observed that "the

17 imposition of such high costs on losing civil rights plaintiffs

18 of modest means may chill civil rights litigation."  178 F.3d

19 1069, 1080 (9th Cir. 1999).  In that case, however, plaintiff's

20 claims "raise[d] important issues and...the answers were far from

21 obvious."  Id.  To the contrary in the instant action, the jury

22 deliberated for only ninety minutes before returning its

23 unanimous verdict in favor of Defendants, and this Court has

24 since determined that any appeal from that verdict cannot be

25 taken in "good faith."  ECF No. 266.  The result here was not

26 close, and the answer reached, as evidenced by the speed with

27 which the jury returned its verdict, was "obvious."

28 ///

1   Accordingly, this is not a case where "injustice will result"

2   from a cost award, <u>see</u> <u>Save Our Valley</u>, 335 F.3d at 945, and

3   Defendants are entitled to recover their costs.

4

5       **B.   Plaintiff's Specific Objections to Defendants'**
        **Requested Costs.**

6

7       The Court addresses each of Plaintiff's more specific

8   objections in turn below.

9

10          **1.   Fees for Services of Summons and Subpoenas**
               **(28 U.S.C. § 1920(1)).**

11

12      Defendants ask this Court to tax $1,189.95 in fees for

13  service of discovery and trial subpoenas by private process

14  servers.  Plaintiff argues all of these costs should be

15  disallowed because 28 U.S.C. § 1920(1) and Local Rule 292 permit

16  only the recovery of fees incurred in effecting the service of

17  summons by the marshal under Federal Rule of Civil Procedure 4,

18  not fees incurred by privately serving discovery and trial

19  subpoenas.  This argument fails.  <u>See</u> <u>Alflex Corp. v.</u>

20  <u>Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 178 (9th Cir.

21  1990) (costs for private service of process of subpoenas taxable

22  under 28 U.S.C. § 1920(1)).  Defendants' requested costs are

23  hereby taxed in an amount of $1,189.95.

24  ///

25  ///

26  ///

27  ///

28  ///

        **2.   Fees for Printed or Electronically Recorded
              Transcripts Necessarily Obtained for Use in the
              Case (28 U.S.C. § 1920(2)).**

        Under this category of costs, Defendants seek to recover
$13,839.97, which is comprised of costs Defendants incurred to
utilize the Public Access to Court Electronic Records ("PACER")
system, to obtain trial and deposition transcripts and to provide
airfare for witnesses.[1]   Defendants' requested costs are proper.

        First, the parties have not identified, nor has this Court
found, any binding authority addressing whether fees incurred in
accessing PACER are recoverable.   This Court now agrees, however,
with those courts that have taxed costs for such fees and awards
Defendants' costs here.   See, e.g., Frank v. Wilbur-Ellis Co.
Salaried Employees Ltd. Plan, 2009 WL 2579100, *8-9 (E.D. Cal.);
Lewallen v. City of Beaumont, 2009 WL 2175637, *17 (E.D. Tex.).
In addition, the transcripts of the Motion in Limine hearing and
the trial testimony of Dayna Padula and Christina Pistorious are
also recoverable, especially given the direct relevance of these
portions of the proceedings to Defendants' ultimate success in
this case.   Alfex, 914 F.2d 175, 177 n.3; Majeske v. City of
Chicago, 218 F.3d 816, 825 (7th Cir. 2000).   Likewise, the costs
for the deposition transcripts, all of which this Court finds
were necessary at the time the expenses were incurred, are
recoverable as well.

_____

        [1] In their Original BOC, Defendants requested $17,342.80.
Defendants have since omitted their improper request to recover
electronic research fees.   See Trustees of Const. Industry and
Laborers Health and Welfare Trust v. Redland Ins. Co., 460 F.3d
1253, 1258-59 (9th Cir. 2006) (costs of computerized research
recoverable as attorney's fees).

1  <u>See</u> Declaration of John P. Kelley ("Kelley Decl."), ¶ 6

2  (explaining that the "vast majority of the witnesses...deposed

3  were plaintiffs...at the time their depositions were taken," that

4  all but two depositions were noticed by Plaintiff and that those

5  two remaining deponents supplied testimony directly relevant to

6  the claims existing at the time); <u>Alflex</u>, 914 F.2d 177; <u>Ruff v.</u>

7  <u>County of Kings</u>, 700 F. Supp. 2d 1225, 1247 (E.D. Cal. 2010).

8  Finally, while the costs of airfare incurred to depose Dayna

9  Padula and Travis Feri should more properly have been included in

10 the subsequent section regarding taxing witness costs pursuant to

11 28 U.S.C. § 1920(3), these costs are nonetheless recoverable as

12 well.  28 U.S.C. § 1821; <u>MEMC Elec. Materials v. Mitsubishi</u>

13 <u>Materials</u>, 2004 WL 5361246, *8 (N.D. Cal.).  Accordingly, the

14 Court once again taxes all costs sought by Defendants.

15

16          **3.   Fees and Disbursements for Printing (28 U.S.C.**
               **§ 1920(3)) and Fees for Exemplification and the**
17             **Costs of Making Copies of Any Materials Where the**
               **Copies Are Necessarily Obtained for Use in the**
18             **Case (28 U.S.C. § 1920(4)).**

19

20     Defendants seek to tax $8,684.58 for general copy costs and

21 an additional $346.50 for copies of court records.  Plaintiffs

22 challenge these line items on a number of grounds.

23     Plaintiffs first argue that only the cost to copy pleadings

24 is recoverable.  Plaintiffs are incorrect.  It is unquestionably

25 proper to tax costs incurred to make copies of all papers

26 necessarily obtained for use in a case.

27 ///

28 ///

1  Ferreira v. M/V CCNI Antofagasta, 2007 WL 3034941, *2 (E.D.
2  Cal.); E.D. Cal. Local Rule 292(f)(5) (expressly interpreting
3  28 U.S.C. § 1920(4) to extend to "papers necessarily obtained for
4  use in the action") (emphasis added).

5       Plaintiff further challenges as excessive the thirty cents
6  (30) per page Defendants claim they charge for in-house copy
7  services.  This Court agrees that thirty (30) cents per page is
8  excessive and will tax only twenty (20) cents per page.  See,
9  e.g., Seyler v. Burlington Northern Santa Fe Corp., 2006 WL
10 3772312, *5 (D. Kan. 2006) (taxing costs at a rate of twenty (20)
11 cents per page); Griffin v. JTSI, Inc., 2009 WL 5126335, *4
12 (D. Hawaii) (practice of the court to tax copies at fifteen (15)
13 cents per page).

14      The Court nonetheless finds that, given the lengthy and
15 complex history of this case, the 26,254 pages of in-house copies
16 were necessary.  Moreover, based on the declaration of
17 Defendants' counsel, this number actually constitutes a
18 conservative estimate of those copies for which recovery could be
19 had.  See Kelley Decl., ¶ 9 (explaining in great detail how
20 Defendants' requested costs were calculated); see also Ziemack v.
21 Centell Corp., 1997 WL 97384, *1-2 (N.D. Ill.); EEOC v. W&O,
22 Inc., 213 F.3d 600, 623 (11th Cir. 2000); Sensormatic Electronics
23 Corp. v. Tag, Co., 2009 WL 3208649, *9 (S.D. Fla.).  Indeed,
24 Plaintiff tacitly concedes that this request is proper since,
25 upon receipt of Defendants' more detailed explanation of their
26 request for costs in the Amended BOC, she did not renew her
27 original objections.  Defendants are thus awarded twenty (20)
28 cents per page for all 26,254 pages.

1  Defendants are also entitled to recover costs for copies

2  outsourced to a third party.  Accordingly, the Court now taxes

3  costs of $6,405.68, a sum comprised of $346.50 for copies of

4  court records, $5,250.80 for in-house copying and $808.38 for

5  outsourced copies.

6

7          **4.    Fees for Witnesses (28 U.S.C. § 1920(3)).**

8

9      In their Amended BOC, Defendants seek $1,887.95 in witness

10  fees.  Defendants originally sought $7,902.54, but, after

11  Plaintiff challenged the bulk of those costs as improperly

12  attributable to attorney and party expenses rather than to

13  witness fees, Defendants reduced their request appropriately.

14  Plaintiff filed no further objections to Defendants' amended cost

15  bill, and the Court hereby taxes all $1,887.95.

16

17          **6.    Other Costs.**

18

19      Plaintiff challenged a variety of "other costs" included in

20  Defendants' Original BOC that have since been removed.

21  Defendants now seek to recover only $187.86 incurred in creating

22  CDs of out of audio files of interviews conducted by investigator

23  Diane Davis.  These costs are recoverable under 28 U.S.C.

24  § 1920(4); Maxwell v. Hapapaq-Lloyd Aktiengesellschat, Hamburg,

25  862 F.2d 767, 770 (9th Cir. 1988); Cefalu v. Village of

26  Elk Grove, 211 F.3d 416, 427-28 (7th Cir. 2007).  Accordingly,

27  the Court taxes these costs as requested as well.

28  ///

                              10

**CONCLUSION**

     Given the foregoing, costs are taxed in favor of Defendants as stated in their Amended BOC, except with respect to ten (10) cents per page the Court deducted from Defendants' in-house copying charges.   Total costs are therefore awarded to Defendants in the sum of $23,511.41.

     IT IS SO ORDERED.

Dated: February 16, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE