UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYNA PADULA, et al., | No. 2:05-cv-00411-MCE-EFB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| ROBERT MORRIS, et al., | |
| Defendants. | |

    This case is currently before the Court on remand from the Ninth Circuit as to the imposition of costs only.  The Court previously taxed costs in favor of Defendants Dunsmuir Joint Union High School District, Robert Morris, Ray Kellar, Paula Amen-Schmitt, Steven Rogers, Christopher Raine and William Townsend (collectively "Defendants") and against Plaintiff Dayna Padula ("Plaintiff") in the amount of $23,511.41.  That decision was reversed and remanded for this Court, in the exercise of its discretion, to consider: (1) Plaintiff's indigency or inability to pay; and (2) any prior agreements between the parties to share costs.  The Court has considered those factors and now awards Defendants $23,183.41.

///

///

///

1

# BACKGROUND

After a five-day trial in July of 2011, a jury unanimously rejected Plaintiff's claims that she and other students were subjected to sexual harassment by the principal and other employees at Dunsmuir High School in Dunsmuir, California. The jury deliberated for only ninety minutes before returning its verdict in favor of Defendants. Pursuant to that jury verdict, the Court entered its judgment on August 4.

Six days later, on August 10, Defendants, as the prevailing parties, timely filed a Bill of Costs ("BOC"), ECF No. 255, pursuant to 28 U.S.C. § 1920 in the amount of $36,462.51. Plaintiff filed Objections, ECF No. 256, to the Original BOC on August 16, and Defendants then timely filed a Response and Amended Bill of Costs (ECF No. 257), modifying their requested recovery to $26,136.81. Plaintiff filed no further objections, and this Court taxed against Plaintiff the majority of Defendants' requested costs.

Plaintiff appealed, and the Ninth Circuit reversed and remanded on two grounds, directing this Court to consider: (1) Plaintiff's indigence or inability to pay costs; and (2) any prior agreements between the parties to share costs. The Court has considered those factors, and, for the following reasons, again awards Defendants the bulk of their requested costs.

# ANALYSIS

### A.   Indigence

This Court has considered Plaintiffs' evidence of her indigency or inability to pay, including, but not limited to, her signed declaration opposing costs and her affidavit in support of her in forma pauperis application, ECF Nos. 262, 265, and nonetheless finds, within the exercise of its discretion, that the imposition of costs is warranted. Whether to award costs "ultimately lies within the sound discretion of the district court."

1  Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1172-73 (2013).  Rule 54(d) of the
2  Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or
3  a court order provides otherwise, costs—other than attorney's fees—should be allowed
4  to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "Rule 54(d) creates a presumption for
5  awarding costs to prevailing parties; the losing party must show why costs should not be
6  awarded."  Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).
7  "The Ninth Circuit has approved the following reasons for refusing to award costs to a
8  prevailing party: (1) the losing party's limited financial resources; (2) misconduct on the
9  part of the prevailing party; (3) the chilling effect of imposing such high costs on future
10 civil rights litigants; (4) whether the issues in the case were close and difficult;
11 (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing
12 party litigated in good faith; and (7) whether the case presented a landmark issue of
13 national importance."  Van Horn v. Dhillon, 08-CV-01622 LJO DLB, 2011 WL 66244
14 (E.D. Cal. Jan. 10, 2011) (citing Quan v. Computer Sciences Corp., 623 F.3d 870,
15 888-89 (9th Cir. 2010); Assoc. of Mex.-Am. Educators v. State of Cal., 231 F.3d 572, 592
16 (9th Cir. 2000)).  "A district court need not give affirmative reasons for awarding costs;
17 instead, it need only find that the reasons for denying costs are not sufficiently
18 persuasive to overcome the presumption in favor of an award."  Save Our Valley,
19 335 F.3d at 945.
20         Under the circumstances of this case, Plaintiff's inability to pay, as demonstrated
21 by her sworn statements to the Court, is insufficient to overcome the presumption in
22 favor of a cost award.  Having presided over a trial on Plaintiff's claims, and having
23 carefully observed the demeanor and evaluated the credibility of all witnesses
24 presented, the Court can say with confidence that issues in this case were neither close
25 nor difficult.  In fact, the evidence before the Court, especially the testimony of Plaintiff
26 herself, left no doubt in the Court's mind that there was no merit to her claims.  The
27 Court's conclusion is supported by the fact that the jury so swiftly reached its unanimous
28 defense verdict.

Given this complete lack of merit, the Court cannot say that any aspect of Plaintiff's action presented a landmark issue of national import.

This is simply not a situation in which an indigent civil rights litigant pursued a matter of such great public importance that a cost award might chill future litigants from bringing similar cases in an effort to promote the greater good.  To the contrary, Plaintiff chose to pursue a meritless case, at great expense to Defendants, and this Court will not permit her to avoid the consequences of that decision.  See McGill v. Faulkner, 18 F.3d 456, 460 (7th Cir. 1994) ("[J]ust as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must [indigent litigants] learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits.").

In sum, Plaintiff has failed to demonstrate that her case presents the "rare occasion where severe injustice will result from an award of costs." Save Our Valley, 335 F.3d at 945.  Defendants are awarded their costs, with the one exception noted below, as calculated in the Court's prior order awarding costs.

### B.    Prior Agreements

As directed by the appellate court, this Court has considered the prior agreements of the parties to split costs and now deducts the $328 that Defendants had agreed to pay for the cost of airline tickets for the Padula and Feri depositions.  Total costs awarded are thus $23,183.41.

///
///
///
///
///
///

**CONCLUSION**

For the reasons just stated, Plaintiff Dayna Padula is ordered to pay Defendants' costs in the amount of $23,183.41.

IT IS SO ORDERED.

Dated: January 22, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT